UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-60149-CR-MOORE-TORRES

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ALFRED THOMPSON,

        Defendant.
_____/

### REPORT AND RECOMMENDATION ON MOTION REQUESTING PERMISSION FOR LEAVE TO PROCEED IN-FORMA PAUPERIS ON APPEAL

This matter is before the Court on Defendant Alfred Thompson's ("Defendant") Motion Requesting Permission for Leave to Proceed In-Forma Pauperis ("IFP") on Appeal [**D.E. 61**] in connection with his Notice of Appeal from an Order denying his Motion for Specific Performance of the Sentence Based on Substantial Assistance.[1] On February 13, 2012, we conducted a telephonic hearing on the motion which Defendant attended. After considering Defendant's Motion and his oral remarks at the hearing, and the entire record in this case, the Court recommends that the Motion to proceed *in forma pauperis* on appeal be DENIED, for the reasons set forth below.

---

[1] The Honorable K. Michael Moore referred this matter to the undersigned Magistrate Judge. [D.E. 64].

## I.   BACKGROUND

On May 23, 2006, Defendant was charged in a four-count Indictment with possessing with the intent to distribute crack cocaine [D.E. 8] after selling crack to an undercover police officer on March 14, April 4, and May 3, 2006, and attempting to sell crack to the officer on May 11, 2006. [D.E. 1 at 2-4]. After he was arrested and advised of his *Miranda* rights, Defendant admitted to the sales and made certain statements to agents about where and from whom he had obtained the drugs.[2]

On July 10, 2006, Defendant pled guilty to Count 3 of the Indictment pursuant to a plea agreement. On September 28, 2006, he was sentenced based on his career offender status to 188 months of imprisonment. [D.E. 22; D.E. 23; D.E. 49]. His conviction and sentence were affirmed on direct appeal. [D.E. 45]. Subsequent motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and to vacate his sentence pursuant to 28 U.S.C. § 2255 were denied. [D.E. 49; D.E. 52].

On August 23, 2011, Defendant filed a Motion for Specific Performance of the Sentence Based on Substantial Assistance. [D.E. 53]. Defendant moved to have his sentence reduced based on the information he provided to the government that allegedly led to the arrest and conviction of four individuals in federal court. Defendant complained that the government's refusal to move for a sentence reduction

---

[2] The parties disagree about the significance of the information Defendant provided after his arrest. Defendant claimed the information led to the arrest and conviction of other individuals. The government contended otherwise. We note that none of the alleged "substantial assistance" information that Defendant included in the documents he filed in connection with this matter is detailed. But the specificity of that information is irrelevant, given our determination herein that Defendant did not make the threshold showing required for judicial review.

under Fed. R. Civ. P. 35(b) was not rationally related to any legitimate end. He further alleged an equal protection violation because the government filed motions to reduce the sentences of two defendants in other cases who provided less assistance than he had. He also requested an evidentiary hearing on the motion.

In response, the government argued that there was no basis for Defendant's sentence to be reduced. [D.E. 54]. The government denied Defendant's claim of substantial assistance, asserting that none of the limited, generic information he provided had led to the arrest, prosecution, or even investigation of any other person. The government also pointed out that Defendant's plea agreement did not contain any terms related to substantial assistance; Defendant had not suggested that the government breached the plea agreement; Defendant had not alleged, let alone offered evidence tending to show, that the government's refusal to file a substantial assistance motion was based on a constitutionally impermissible motivation such as race or religion; Defendant had offered only generalized allegations of improper motive by the government; and the two defendants in other cases whom Defendant mentioned had nothing whatsoever to do with his case.

On September 19, 2011, Judge Moore denied Defendant's motion. [D.E. 55].

Defendant moved for reconsideration on September 28, 2011. [D.E. 56]. He submitted an affidavit from a fellow inmate, Marcel Tomlin ("Tomlin"), who averred that "I [was] arrested based on information provided by [Defendant] after he was arrested" and that Defendant had provided "our address which [was] an Apartment located in the area of 19th and 15th Street in Fort Lauderdale Florida." [*Id.* at 4].

In response, the government argued again that Defendant had not provided substantial assistance to the government and further, that Tomlin's affidavit was incorrect in that Defendant's confession upon his arrest did not result in the investigation or arrest of Tomlin. [D.E. 57]. The government described the events that led to the investigation, arrest, and conviction of Tomlin for narcotics-related activity in *United States v. Tomlin*, No. 07-60032-CR-Gold (S.D. Fla.), none of which was based on information supplied by Defendant.[3] Given that none of the information provided by Defendant led to or impacted the investigation or prosecution of Tomlin, and for the other reasons already argued, the government maintained that there was no basis for a sentence reduction for Defendant.

Defendant filed a reply in which he again requested an evidentiary hearing on the matter. [D.E. 58].

On October 25, 2011, after reviewing the motion, response, reply and request for a hearing, and the PSI filed in Tomlin's case, Judge Moore issued an Order denying Defendant's motion for reconsideration. [D.E. 59].

On November 7, 2011, Defendant filed a Notice of Appeal from the Order denying his motion for specific performance based on substantial assistance and mentioning the denial of his reconsideration motion. [D.E. 60]. He also filed the motion that is presently before us, requesting permission to proceed *in forma pauperis* on appeal. [D.E. 61]. We held a telephonic hearing on February 13, 2012 at which

---

[3] The government's version of events is supported by Tomlin's Pre-Sentence Investigation ("PSI") Report which was provided pursuant to court order to Judge Moore for consideration in connection with the motion for sentence reduction. [*See* D.E. 66 in Case No. 07-60032-CR-Gold].

Defendant was afforded the opportunity to present additional information and argue his motion to the Court. He indicated that he would stand on the papers already filed.

The matter is now ripe for disposition.

### I.   ANALYSIS

#### A.   *Standard for Proceeding In Forma Pauperis on Appeal*

A litigant seeking to proceed *in forma pauperis* in any court proceeding, including on appeal, must satisfy the requirements of 28 U.S.C. § 1915. Of relevance here is the subsection that provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A defendant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *United States v. Alvarez*, 506 F. Supp. 2d 1285, 1290 (S.D. Fla. 2007) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). An application to proceed *in forma pauperis* may be denied if "if appears – objectively – that the appeal cannot succeed as a matter of law." *Id.* (citing *DeSantis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998), *aff'd*, 193 F.3d 522 (11th Cir. 1999)). Moreover, a case is frivolous when it appears there is "little or no change of success." *Id.* (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

#### B.   *The Present Appeal*

Defendant wishes to proceed *in forma pauperis* in his appeal from the Order denying his motion for a sentence reduction based on substantial assistance. The record clearly demonstrates that any appeal of this Order is frivolous.

Rule 35(b) allows a district court, on motion by the government, to reduce a sentence to reflect substantial assistance provided by the defendant to the government after sentencing. As a general rule, the decision to file a motion remains within the discretion of the government: the government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185 (1992) (considering motions filed under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1). As the Eleventh Circuit recently observed: "The Government has virtually unfettered discretion to determine whether the defendant rendered substantial assistance and whether to file the motion." *Murphy v. United States*, 634 F.3d 1303, 1313 (11th Cir. 2011) (citing *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000)).

That discretion is subject to constitutional limitations, though, and subject to judicial review if a defendant makes a "substantial threshold showing" that the prosecutor's refusal to file a substantial assistance motion was based upon an unconstitutional motive such as race or religion. *Wade*, 504 at 185-86; *see also United States v. Forney*, 9 F.3d 1492, 1501-1502 (11th Cir. 1993) ("the courts are precluded from intruding into prosecutorial discretion" except "when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." (citing *Wade*) (emphasis in original)). Additionally, a district court may review the government's refusal to file if a defendant makes a substantial showing that the prosecutor's actions were not rationally related to any legitimate government end. *Wade*, 504 U.S. at 186. However, mere claims that a defendant provided substantial

assistance and additional but generalized allegations of improper motive by the government "will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Id.* *See also, e.g., United States v. Robinson*, 426 Fed. Appx. 849, 851-52 (11th Cir. 2001) ("arguments that the government had motivations beyond the defendant's failure to provide substantial assistance do not satisfy the Supreme Court's unconstitutional-motive standard for review."); *United States v. Clark*, 363 Fed. Appx. 699, 700-701 (11th Cir. 2010) (defendant's claim that the government acted in bad faith and violated an oral agreement to consider filing a Rule 35(b) motion on his behalf after he provided substantial assistance was not a claim based on a recognized unconstitutional motive); *Nealy*, 232 F.3d at 831 (the government's refusal to file a substantial assistance motion on behalf of a defendant who, after providing substantial assistance committed another crime despite being warned that he would receive no consideration for his cooperation if he did so, was not based on an unconstitutional motive).[4]

In this case, Defendant did not allege, let alone make a substantial showing, that the government's failure to file a Rule 35(b) motion was based on a constitutionally impermissive motive. Rather, he argued generally that the government's refusal to file a Rule 35(b) motion after he provided substantial assistance was not related to any legitimate governmental end. He also claimed that

---

[4] In addition, if a defendant makes a threshold showing that the government's refusal to file a substantial assistance motion was a breach of an express term of the plea agreement, an evidentiary hearing and relief might be appropriate. *See, e.g., Forney*, 9 F.3d at 1500-1503 & nn.2, 5; *United States v. Nance*, 462 Fed. Appx. 801, 802 (11th Cir. 2011). In this case, Defendant did not allege a breach of the plea agreement; indeed, the agreement is silent on the issue of substantial assistance.

the government's refusal to file a Rule 35(b) motion on his behalf was an equal protection violation where motions for sentence reduction had been filed in other cases for two defendants who provided less assistance than he. Neither of these arguments suggests that the government acted for suspect reasons such as Defendant's race or religion. Consequently, neither provides a sufficient basis for relief. *See, e.g., Wade*, 504 U.S. at 186; *Robinson*, 426 Fed. Appx. at 852; *Clark*, 363 Fed. Appx. at 701.

In moving for reconsideration, Defendant submitted Tomlin's affidavit to substantiate his substantial assistance to the government. The government disputes the accuracy of the affidavit and indeed, the facts support the government's version of how Tomlin came to be investigated and arrested. But even if Defendant did provide information that led to the investigation and arrest of Tomlin or others, the "[g]overnment has virtually unfettered discretion to determine whether the defendant rendered substantial assistance and whether to file the motion." *Murphy*, 634 F.3d at 1313. In the absence of a substantial showing that the government's decision not to file a motion was based on an unconstitutional motive, such as race or religion, judicial review of that decision is not warranted.

Because Defendant failed to make a substantial showing (let alone an allegation) that the government's refusal to file a substantial assistance motion on his behalf was based on a constitutionally impermissible motive, Judge Moore properly denied his motion for specific performance as well as the reconsideration motion. Judge Moore also properly denied the request for an evidentiary hearing on the issue. *See Wade*, 504 U.S. at 186 ("a defendant has no right to discovery or an evidentiary hearing

unless he makes a 'substantial threshold showing.'); *Clark*, 363 Fed. Appx. at 701 (the defendant was not entitled to an evidentiary hearing because he failed to allege the government's refusal to file a substantial assistance motion was based on an unconstitutionally impermissible motive).

Moreover, Defendant was given an opportunity to present additional information or argument at the hearing we held on February 13, 2012. He preferred to rely on the documents in the record which, as already noted, did not raise claims sufficient to warrant judicial inquiry. Defendant has not met the threshold showing for a hearing or relief. *See, e.g., Wade*, 504 U.S. at 186-87 (when the defendant's lawyer who was asked what evidence he would introduce if the court were to conduct a hearing on the substantial assistance motion merely explained the extent of the defendant's assistance to the government, no showing was made that the government's refusal to move was not rationally related to any legitimate government end).

Thus, the record clearly demonstrates that any appeal of Judge Moore's Order denying Defendant's motion for a sentence reduction based on substantial assistance, the related motion for reconsideration, and the request for an evidentiary hearing would be frivolous and not taken in good faith. Accordingly, pursuant to § 1915(a), Defendant's application to proceed IFP on appeal should be denied.

### III.   CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that Defendant Alfred Thompson's Motion Requesting Permission for Leave to Proceed In-Forma Pauperis on Appeal [**D.E. 61**] be **DENIED** on the grounds that Defendant's appeal is not taken

in good faith; and that Defendant be required to pay the full amount of the appellate filing fee if he desires to pursue this appeal. It is further

**RECOMMENDED** that the District Judge certify in writing that the appeal is not taken in good faith.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 17th day of February, 2012.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge